IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISBEL S.V.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03100-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 220-366-182 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Elisbel S.V.[1] is an immigration detainee proceeding with a petition for

a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition").  Dkt. No. 1.  After

Petitioner presented himself at a port of entry and applied for asylum in July 2021, he

was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A).  *Id.* at pg. 2.  Since

then, Petitioner has reported as directed by U.S. Immigration and Customs

Enforcement, he obtained employment authorization, and he secured a Social Security

card.  *Id.* at pg. 6.  Petitioner worked continuously as the primary source of financial

support for his family, and he has no criminal history.  *Id.*

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner was arrested and detained at ICE's Miami field office in January 2026, when he reported as instructed.  *Id.* at pg. 2.  In February 2026, an immigration judge denied Petitioner's request to be released on bond.  *Id.* at pgs. 2–3.  The immigration judge stated that the denial was "because [of] expedited removal."  *Id.* at pg. 3.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a pre-deprivation hearing violated his due process rights.  *Id.* at pgs. 8–9.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *R.A.N.O. v. Wofford*, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Ramazan M. v. Andrews*, No. 1:25-cv-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above."  Dkt. No. 6.  Initially, Respondents argued that Petitioner's detention is lawful because he is subject to a final order of removal.  Dkt. No. 9.  After the court requested supplemental briefing, Dkt. No. 11, however, Respondents

withdrew this argument, Dkt. No. 12, at pg. 1.  The court appreciates Respondents

candor.  In their supplement, although Respondents maintain that Petitioner's detention

is lawful, they acknowledge that the facts in this case are "not procedurally distinct"

from an analogous case identified by the court, *Robles-Rodriguez v. Lyons*, No. 1:25-cv-

02001-KES-SAB (HC), 2026 WL 303482 (E.D. Cal. Feb. 4, 2026) (concluding that "a

noncitizen who has been paroled into the United States cannot later be subject to

expedited removal, even if their parole has expired or been terminated").  Dkt. No. 12,

at pg. 1.  Respondents now request to submit this matter on the current record.  *Id.* at

pg. 2.

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count I, for

the reasons stated in those prior orders.  Because it is unnecessary to resolve the other

counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Elisbel S.V.

(A# 220-366-182) from their custody.  Respondents shall not impose any additional

restrictions on Petitioner, unless that is determined to be necessary at a future pre-

deprivation/custody hearing.  Respondents are permanently ENJOINED AND

RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with

constitutional protections, which include, at a minimum, pre-deprivation notice

describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.[2]

IT IS SO ORDERED.

DATED:  May 5, 2026, at Honolulu, Hawai'i.

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03100-MWJS; *Soriano-Vazquez v. Chestnut*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

---

[2]     The court previously ordered that Respondents not transfer Petitioner out of this District.  Dkt. No. 5.  Respondents subsequently opposed that order, arguing that the court would retain jurisdiction over this matter even if Petitioner were transferred to another district, and that the court's order "interfere[d] with lawful removal operations."  Dkt. No. 8, at pgs.1–2.  As already noted, however, Respondents' have not meaningfully distinguished this case from the many cases holding that detaining Petitioner on the facts presented in this case is unlawful.  To the extent Respondents move the court to lift its no-transfer order, that motion is DENIED AS MOOT.  The no-transfer order will be lifted upon Petitioner's release.